NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ENDO PHARMACEUTICALS INC.,**
*Plaintiff-Appellant,*

**v.**

**MYLAN PHARMACEUTICALS INC. AND MYLAN INC.,**
*Defendants-Appellees.*

_____

2014-1422

_____

Appeal from the United States District Court for the District of Delaware in No. 1:11-cv-00717-RMB-KW, Judge Renee Marie Bumb.

_____

**ON MOTION**

_____

Before REYNA, BRYSON, and TARANTO, *Circuit Judges.*

BRYSON, *Circuit Judge.*

## O R D E R

Endo Pharmaceuticals Inc. ("Endo") appeals from the judgment of the district court determining, inter alia, that Endo reached an oral settlement agreement with Mylan Pharmaceuticals Inc. and Mylan Inc. ("Mylan") allowing

the eventual launch of Mylan's generic products.  Endo now moves for a stay, pending this appeal, of the portion of the district court's April 8, 2014 order requiring the parties to "execute a written settlement agreement reflecting the essential terms agreed upon by the parties" as found by the court.  Mylan opposes.

Our determination whether to grant a stay pending appeal pursuant to Rule 8 of the Federal Rules of Appellate Procedure is governed by four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether issuance of the order will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).  Without prejudicing the ultimate disposition of this case by a merits panel, we conclude Endo has not met the standard for a stay.

Endo argues that its appeal may become moot if it complies with the requirement to execute a written agreement.  The district court and Mylan, however, have acknowledged that the executed document should include language that the agreement is contingent on the outcome of this appeal.  Where, as here, the parties remain adversaries and execution of an agreement is done in protest, the mere fact that the parties have reduced the terms to writing does not preclude this court from fashioning "meaningful relief."  *Church of Scientology of Ca. v. United States*, 506 U.S. 9, 12-13 (1992); *cf. Avid Identification Sys., Inc. v. Crystal Import Corp.*, 603 F.3d 967, 972 (Fed. Cir. 2010).

Accordingly,

IT IS ORDERED THAT:

The motion is denied.

ENDO PHARMACEUTICALS INC. v. MYLAN PHARMACEUTICALS    3

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s30